1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT

6                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    RAMIRO GOMEZ,                    )    No. C 05-1700 JSW (PR)
                                      )
9                    Petitioner,      )
                                      )
10        vs.                         )    **ORDER TO SHOW CAUSE**
                                      )
11   A. KANE, Warden,                 )
                                      )
12                   Respondent.      )
                                      )
13   _____)

14
15                              **INTRODUCTION**

16        Petitioner, a prisoner of the State of California, currently incarcerated at

17   Correctional Training Facility in Soledad, California, has filed a habeas corpus petition

     pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Terms ("BPT") denial of
18
     parole during parole suitability proceedings.  Petitioner has paid the filing fee.  This order
19
     directs Respondent to show cause why the petition should not be granted.
20
                                **BACKGROUND**
21
          According to the petition, Petitioner was convicted of second degree murder in
22
     Los Angeles County Superior Court in 1988 and was sentenced to an indeterminate term
23
     of fifteen years-to-life in state prison.  In this habeas action, Petitioner does not challenge
24
     his conviction, but instead challenges the execution of his sentence.  Petitioner contends
25
     that the denial of parole by the BPT during his fourth parole suitability hearing in 2004
26
     violated his federal constitutional right to due process.  He alleges that he has exhausted
27
     state judicial remedies as to all of the claims raised in his federal petition.
28

**DISCUSSION**

I.      Standard of Review

        This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

        It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

II      Legal Claims

        Petitioner alleges that his constitutional rights were violated by the parole denial by the BPT in 2004.  Liberally construed, the allegations are sufficient to warrant a response from Respondent.  *See Board of Pardons v. Allen*, 482 U.S. 369 (1987); *see, e.g., Morales. v. California Dep't of Corrections*, 16 F.3d 1001, 1005 (9th Cir. 1994), *rev'd on other grounds*, 514 U.S. 499 (1995).

**CONCLUSION**

        For the foregoing reasons and for good cause shown,

        1.  The Clerk shall serve a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

        2.  Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on

Respondent within **thirty (30)** days of his receipt of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED:   1/10/06

_____
JEFFREY S. WHITE
United States District Judge

3